STATE v. ORLAND MANSFIELD KING, JR.

196 N. W. 2d 594.

March 31, 1972—No. 42903.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Doris O. Huspeni,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Paul J. Tschida,* Special Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

This is an appeal from a conviction for aggravated rape and kidnapping. The issues are whether the verdict is supported by the evidence and whether defendant was deprived of a fair trial by the disclosure of a previous conviction. We affirm.

1. The victim testified that on the evening of January 21, 1970, she left her apartment to warm her automobile which was parked on the street. As she got out of the car, she was seized from behind and forcibly abducted to a remote area where her assailant, by threats of violence, forced her to have sexual intercourse. She was permitted to return to her home about midnight and immediately notified the police. Although she did not at first identify her assailant, she recognized him on January 23 when he drove into a parking lot with his brother, who was also a tenant in the victim's apartment building.

At the trial, defendant admitted having had intercourse with the victim on the night in question, but testified that it was with her consent, and that on two prior occasions she had voluntarily had intercourse with him. The police found no evidence of a struggle in the automobile, and the victim had no bruises or injuries when examined by a doctor the night of the occurrence.

It is not necessary to recite all of the evidence which supports a conviction. Suffice it to say that the victim was unshaken in her version of the crime. Upon her return to her apartment, she was distraught and

upset and immediately notified the police. Defendant denied until the time of trial that he had been with the victim that night. We hold the evidence was adequate to sustain the conviction.

2. We are again invited to overrule our decision in State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969). The court in the instant case permitted testimony of a prior conviction for assault and battery which defendant claims denied him a fair trial. Although there are members of this court who are of the opinion that in an appropriate case it will be our duty to hold invalid Minn. St. 595.07, which permits impeachment of a defendant by the disclosure of his previous convictions, this is not the occasion for a reexamination of the majority opinion in the West case.

Affirmed.